UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN FAY,<br><br>                              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                              Defendant. | Case No.:  3:24-cv-1774-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the review of Magistrate Judge Michael S. Berg's Report and Recommendation (ECF No. 21) recommending that the Commissioner of Social Security's decision be affirmed.

## I.    BACKGROUND

On October 4, 2024, Plaintiff Johnathan Fay ("Plaintiff") filed a Complaint seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1.)

On February 25, 2025, Plaintiff filed a Brief in Support of Remand, seeking to vacate the Commissioner's decision and remand the case for further administrative proceedings.

3:24-cv-1774-WQH-MSB

(ECF No. 15.) On April 2, 2025, the Commissioner filed a Responsive Brief. (ECF No. 18.) On April 15, 2025, Plaintiff filed a Reply. (ECF No. 19.)

On January 6, 2026, Magistrate Judge Michael S. Berg issued a Report and Recommendation for Order Affirming the Commissioner's Decision ("Report and Recommendation"). (ECF No. 21.)

On January 14, 2026, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 23.)

## II.   LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## III.   REPORT AND RECOMMENDATION

In the Report and Recommendation, Judge Berg recommended that the Court issue a judgment affirming the Commissioner's decision to deny Plaintiff's application for benefits. (ECF No. 21 at 21.)

### A. ALJ's Supportability and Consistency Analysis Regarding Dr. Andelin's Opinion

First, Judge Berg assessed whether the Administrative Law Judge ("ALJ") who denied Plaintiff's application properly evaluated the medical opinion of Dr. Lane B. Andelin using the "supportability" and "consistency" factors laid out in 20 C.F.R. § 416.920c. *Id.* at 6–13. Judge Berg found that the ALJ "did not satisfy the 'supportability' requirement of the relevant analysis." *Id.* at 10. However, Judge Berg concluded that the ALJ's "consistency analysis was sound." *Id.* at 11. Judge Berg held that the "ALJ's error in her supportability analysis does not warrant reversal" because the error was harmless. *Id.* at 12. Judge Berg reasoned that:

> [a]n ALJ's decision will only be reversed if the error is not harmless. *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). Although the supportability and

consistency factors are the most important considerations when evaluating the persuasiveness of medical opinions, even if the ALJ errs in evaluating one of these factors, the error may be deemed harmless if substantial evidence supports the ALJ's decision. *See generally id.* Here, the ALJ's error in her supportability analysis does not warrant reversal, because the error is not significant enough to cast doubt on the ALJ's disability determination. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("We may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'") (quoting *Tommasetti*, 533 F.3d at 1038). Despite finding Dr. Andelin's opinion to be "less persuasive" [AR 25], the ALJ nevertheless accounted for the mild and moderate limitations identified by Dr. Andelin in her RFC determination but rejected the marked limitation because it was inconsistent with the overall record. Thus . . . the ALJ's error was harmless.

*Id.* at 11–12.

### B. ALJ's Mental RFC Determination

Second, Judge Berg assessed whether the ALJ's residual functional capacity ("RFC") determination was erroneous because the ALJ "rejected the mental opinion [of Dr. Andelin] and crafted an RFC based on her own interpretation of the evidence." *Id.* (quoting ECF No. 15 at 13.) Judge Berg found that, contrary to Plaintiff's contentions, the ALJ did not craft her mental RFC determination "out of thin air." *Id.* at 16 (quoting ECF No. 15 at 11.) Instead, the ALJ "reviewed and cited numerous records documenting Plaintiff's physical and mental health," including "Plaintiff's own hearing testimony, prior administrative medical findings, [] all available state agency reports," and "various professionals' evaluations of Plaintiff, including law enforcement investigators, doctors, nurses, physician assistants, and therapists" to craft the mental portion of her RFC determination. *Id.* (citations omitted).

Judge Berg stated that the relevant regulations "do not mandate the [ALJ's] adoption of any specific opinion, even if it is uncontradicted." *Id.* at 17. Judge Berg concluded that Dr. Andelin's opinion "*is* contradicted" by "[m]ultiple evaluations by medical and nonmedical sources," especially on the issue of "Plaintiff's social anxiety and capacity to remember and understand instructions." *Id.* at 18. Judge Berg noted that the ALJ cited

evidence from multiple sources to support her analysis of Dr. Andelin's opinion, including "other psychological and physical evaluations of Plaintiff, particularly those immediately following Dr. Andelin's evaluation in 2016." *Id.* at 19. Judge Berg concluded that the "ALJ's RFC determination accounted for the [Dr. Andelin's findings of] mild and moderate limitations by restricting Plaintiff to jobs that require understanding and memory of 'simple work' and workplaces in which only 'occasional changes' occur." *Id.* at 17.

## IV.   DISCUSSION

### A. ALJ's Improper Supportability Analysis of Dr. Andelin's Opinion Was Harmless Error

Plaintiff objects to the Report and Recommendation's finding that although "'the ALJ did not satisfy the supportability requirement of the relevant analysis,' the error is harmless." (ECF No. 23 at 5 (quotation omitted).) Plaintiff contends that "[a]dopting the Report and Recommendation would be at odds with the Ninth Circuit['s] holdings which recognize that substantial evidence is not a defense to an ALJ's legal error." *Id.* at 6. Plaintiff further contends that the ALJ's legal error was not harmless because "the improper rejection of the opinion of Dr. Andelin yielded vocational testimony which fails to carry the agency's burden of proof at the final step in the sequential evaluation process." *Id.*

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by 'substantial evidence or it is based on legal error.'" *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). A court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

Here, Judge Berg concluded that the ALJ's supportability analysis error was harmless because her RFC determination properly incorporated Dr. Andelin's opinion. (ECF No. 21 at 12.) Specifically, Judge Berg found that the "ALJ's RFC determination sufficiently addressed Dr. Andelin's opinion regarding Plaintiff's mild limitations

3:24-cv-1774-WQH-MSB

[regarding social interactions] by limiting Plaintiff to unskilled work, including occupations with little human interaction such as production assembler." *Id.* (citation omitted). Judge Berg likewise found that the ALJ's RFC determination accounted for the "moderate limitations in understanding and remembering complex instructions . . . and responding appropriately to changes" described by Dr. Andelin because the ALJ limited Plaintiff to "simple" work where "only occasional changes in the workplace occur." *Id.* at 12–13. Lastly, Judge Berg stated that the ALJ properly considered Dr. Andelin's finding that Plaintiff had a "marked limitation in making judgments on complex work-related decisions" because the ALJ limited Plaintiff to jobs that require him to "understand, remember, and perform simple work"—not complex work. *Id.* at 13.

The Court agrees with Judge Berg's finding that "the ALJ's error in her supportability analysis does not warrant reversal[] because the error is not significant enough to cast doubt on the ALJ's disability determination." (ECF No. 21 at 12.) Even though the ALJ disagreed with Dr. Andelin's opinion, she still incorporated his findings into her RFC determination, as discussed above. The ALJ's error in analyzing the supportability of Dr. Andelin's opinion was harmless because it "was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (citation omitted); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217 (9th Cir. 2010) (finding that ALJ appropriately incorporated doctor's observation of plaintiff's post-traumatic stress disorder into his RFC determination by limiting plaintiff to simple, routine work "without significant background activity"). The Court overrules Plaintiff's first objection to the Report and Recommendation.

### B. ALJ's Mental RFC Determination Was Proper

Plaintiff objects to Judge Berg's conclusion that "whether or not Dr. Andelin's opinion was the only remaining mental opinion of record is immaterial because an ALJ is not required to adopt a medical opinion, even if it is the only mental opinion of record." (ECF No. 23 at 7.) Plaintiff contends that because the state agency psychological

3:24-cv-1774-WQH-MSB

consultants failed to provide a medical opinion and the ALJ found Dr. Andelin's opinion "less persuasive," the "record contains no medical opinion assessing what Plaintiff can still do mentally." *Id.* Plaintiff argues that the ALJ thus had a "duty to obtain an assessment from a medical source with access to this evidence, rather than . . . play doctor and craft the RFC from her own attempt to interpret the raw medical data." *Id.* Plaintiff contends that although the ALJ relied on medical "evidence," she did not properly rely on a medical "opinion." *Id.* at 7–8.

As discussed above, although the ALJ deemed Dr. Andelin's opinion "less persuasive," her RFC determination still reflected the limitations found by Dr. Andelin. In discrediting Dr. Andelin's opinion, the ALJ cited contradictory evidence regarding Plaintiff's alleged mental limitations from a multitude of sources. (*See* ECF No. 21 at 16–18.) Accordingly, Judge Berg concluded that the ALJ "had no duty to develop the record further because the evidence unambiguously supports the RFC determination." *Id.* at 18. The Court agrees and overrules Plaintiff's second objection to the Report and Recommendation.

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 21) is adopted in full.

IT IS FURTHER ORDERED that the Administrative Law Judge's decision finding Plaintiff not disabled and denying his application for Disability Insurance Benefits and Supplemental Security Income is AFFIRMED. The Clerk of the Court shall enter judgment in favor of the Commissioner and against Plaintiff. The Clerk of the Court shall close this case.

Dated:  March 26, 2026

Hon. William Q. Hayes
United States District Court

6

3:24-cv-1774-WQH-MSB